1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA, | 1:09-cv-01664-OWW-SMS (HC) |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION FOR FAILURE TO COMPLY WITH COURT ORDER |
| UNNAMED, | |
| Respondent. | |

_____/

Petitioner is detained by the Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 14, 2009, the Court ordered Petitioner to submit an amended petition. However, to date, Petitioner has not submitted an amended petition or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

---

[1] In fact, on October 22, 2009, the Court's order was returned with a notation that Petitioner is "Not in Custody." Pursuant to Local Rule 83-182(f) each party is under a continuing duty to inform the Court of any change of address. Absent such notice, service of documents at the prior address of record of the party is effective service. Local Rule 83-182(f).

1

1  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

2  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

3  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

4  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

5  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833

6  F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

7       In determining whether to dismiss an action for lack of prosecution, the Court must

8  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

9  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public

10  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

11  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856

12  F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving

13  this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this

14  case has been pending since September 21, 2009.  The Court cannot hold this case in abeyance

15  indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to

16  Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the

17  occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,

18  524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their

19  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

20  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

21       Accordingly, the court HEREBY ORDERS that the instant petition for writ of habeas

22  corpus is DISMISSED for failure to comply with a court order.

23  IT IS SO ORDERED.

24  **Dated:    December 3, 2009**              **/s/ Oliver W. Wanger**
                                               UNITED STATES DISTRICT JUDGE

25

26

27

28

2